UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASEY KITAGAWA and BRANDON SHELDON, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| DRILFORMANCE, LLC | § § § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT & JURY DEMAND

## SUMMARY

1. Defendant Drilformance (hereinafter "Defendant") required Casey Kitagawa, Brandon Sheldon, and others similarly situated (hereinafter "Plaintiffs") to work in excess of forty (40) hours per week while refusing to compensate them with the applicable overtime premium. Defendant claimed it paid to Plaintiffs and others similarly situated a salary, but actually reduced their pay because of variations in the quality or quantity of the work performed; absences occasioned by Defendant or by the operating requirements of the business; and/or unavailability of work. Defendant failed to pay Plaintiffs and others similarly situated an overtime premium for hours worked in excess of forty (40) in a week.

2. Defendant's conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas, Houston Division.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Casey Kitagawa is an individual residing in the county of Montgomery, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

6. Plaintiff Brandon Sheldon is an individual residing in the county of Montgomery, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "B."

7. Defendant Drilformance, LLC is a Delaware limited liability company doing business in Texas for the purpose of accumulating monetary profit. Defendant Drilformance, LLC's principle place of business is 410 S. Trade Center Pkwy, Ste. A1, Conroe, TX 77385-8246. Defendant Drilformance, LLC may be served by serving its Registered Agent, Rusty Petree, at 1707 1/2 Post Oak Blvd, #208, Houston, TX 77056.

## FLSA COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(t).

10. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

12. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

13. Defendant controlled the nature, pay structure and employment relationship of Plaintiffs.

14. All other employees whose pay was reduced by Defendant because of absences occasioned by Defendant or by Defendant's operating requirements, and who were not paid overtime for the hours they worked in excess of forty per week, are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorney's fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

## **FACTS**

15. Defendant operates a company that engineers, manufactures and repairs tools and other equipment utilized in oil and gas operations. Defendant's principal place of business is in Conroe, Texas.

16. Defendant employed Plaintiff Casey Kitagawa as an Applications Engineering Director, and his job duties included, but were not limited to engineering, product development,

management, recruiting, creating company marketing materials and product sales.

17. Defendant employed Plaintiff Brandon Sheldon as an Applications Engineer, and his job duties included, but were not limited to, engineering, product development, creating company marketing materials, data analysis, inventory management and product sales.

18. Plaintiff Casey Kitagawa was employed by Defendants from approximately June 2014 to the present.

19. Plaintiff Brandon Sheldon was employed by Defendants from approximately February 2014 to the present.

20. Defendant claimed it paid to Plaintiffs a salary, but, despite Plaintiffs' readiness, willingness and ability to work, reduced Plaintiffs' pay because of: (1) variations in the quality and/or quantity of the work performed; (2) absences occasioned by the Defendants or by the operating requirements of the business; (3) and/or unavailability of work. In reality, Plaintiffs' pay was tied to the number of hours worked, and subject to reduction based on the number of hours worked. Therefore, Plaintiffs, and other similarly situated employees, were not non-exempt employees under the FLSA and must be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.

21. Plaintiffs were paid the same amount every two weeks. Defendant then required Plaintiffs to take one "furlough" day every two weeks and reduced Plaintiffs' salary a corresponding 10 percent. Despite this reduction in pay, Plaintiffs routinely worked in excess of fifty (50) hours per week.

22. Although Plaintiffs routinely worked fifty (50) hours or more per week, Plaintiffs were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty

(40) per workweek.

23. Defendant knew or should have known that its policies and practices violate the FLSA, and Defendant failed to make a good faith effort to comply. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendant paid Plaintiffs and similarly situated employees no overtime payments to avoid paying them in accordance with the FLSA.

## **VIOLATION OF 29 U.S.C. § 207**

24. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

25. Defendant's practice of failing to pay Plaintiffs and other similarly situated employees without compensating them for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant, Plaintiffs or other similarly situated employees.

## **VIOLATION OF 29 U.S.C § 211(c)**

26. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

27. Defendant failed to keep adequate records of Plaintiffs' and other similarly situated employees' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

28. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a. The time of day and day of week on which the employees' work week begins;

b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e. The hours worked each workday and total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. The dates, amounts, and nature of the items which make up the total additions and deductions;

j. The total wages paid each pay period; and

k. The date of payment and the pay period covered by payment.

29 .F.R. 516.2, 516.5.

29. Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiffs and other similarly situated employees. Because Defendant's records are inaccurate and/or inadequate, Plaintiffs can meet his burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## **COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiffs adopt by reference all of the facts set forth above.

31. On information and belief, other employees have been victimized by Defendant's violations of the FLSA as identified above and throughout this Complaint.

32. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a work week.

33. Defendant's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

34. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

35. All employees of Defendant, regardless of their rates of pay, who were paid at a rate of less than one and one-half times the regular rates at which they were employed for the

hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All employees whose pay was reduced by Defendant because of absences occasioned by Defendant or by Defendant's operating requirements, and who were not paid overtime for the hours they worked in excess of forty per week.

36. Defendant is liable to Plaintiffs and the putative class members for the difference between what it actually paid them and what it was legally obligated to pay them.

37. Because Defendant knew and/or showed a reckless disregard for whether its pay practices violate the FLSA, the company owes Plaintiffs and the other putative class members their unpaid overtime wages for at least the last three years.

38. Defendant is liable to Plaintiffs and the other putative class members in an amount equal to their unpaid overtime wages as liquidated damages.

39. Defendant is liable to Plaintiffs and the other putative class members for their reasonable attorneys' fees and costs.

40. Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## DAMAGES SOUGHT

41. Plaintiffs are entitled to recover their unpaid overtime compensation.

42. Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

43. Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## **JURY DEMAND**

44. Plaintiffs hereby demand trial by jury.

## **PRAYER**

45. For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. judgment awarding Plaintiffs and the other putative class members overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    c. an equal amount of all owed wages as liquidated damages as allowed under the FLSA;

    d. reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

    e. incentive awards for any class representatives(s); and

    e. such other relief to which Plaintiffs may be entitled, at law or in equity.

Respectfully submitted,

WYLY & COOK, PLLC

By:   /s/ Warren A. Berlanga
      Warren A. Berlanga
      wberlanga@wylycooklaw.com
      State Bar No. 24085199
      S.D. Tex. Bar No: 2611869
      4101 Washington Ave. 2nd Floor
      Houston, TX 77007
      Telephone: (713) 236-8330
      Facsimile: (713) 863-8502

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:
Kelly E. Cook
kcook@wylycooklaw.com
State Bar No. 24062675
S.D. Tex. Bar No: 1022069
4101 Washington Ave. 2nd Floor
Houston, TX 77007
Telephone: (713) 236-8330
Facsimile: (713) 863-8502