IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CASEY KITAGAWA and BRANDON SHELDON, *individually and on behalf of all others similarly situated*, | § § § § |
| Plaintiffs, | § § |
| v. | § CIVIL ACTION NO. H-17-726 |
| | § § |
| DRILFORMANCE, LLC, | § § |
| Defendant. | § |

**MEMORANDUM AND ORDER**

**I.    Background**

Casey Kitagawa and Brandon Sheldon are the lead plaintiffs in this Fair Labor Standards Act (FLSA) suit. The plaintiffs allege that they worked as applications engineers for Drilformance and were misclassified as exempt from the FLSA overtime requirement. They allege that after June 2015, they were paid a salary that was reduced without payment of overtime compensation.

On July 5, 2017, the parties stipulated to conditional certification and issuance of notice, with a 60-day opt-in period. (Docket Entry No. 16). The notice sent to potential class members stated that the 60 days ended on October 3, 2017. Two individuals opted in after this date. One, Joshua Harrison, signed and filed his consent on October 11, 8 days late; the second, Matt Wright, signed and filed his on November 14, a month late. Eleven plaintiffs opted in before the deadline.

Drillformance has moved to strike the two plaintiffs who opted in after the October 3, 2017 deadline for the class. (Docket Entry No. 26). The plaintiffs oppose the motion the strike. (Docket

Entry No. 27). If the defendant's motion to strike is granted, the plaintiffs alternatively ask the court to toll the statute of limitations on the late filers' claims. (*Id.*).

Based on the pleadings, the motion and response, and the applicable law, the court denies the defendants' motion to strike the two late opt-in plaintiffs. (Docket Entry No. 26). The reasons are explained below.

## II. Discussion

### A. The Applicable Legal Standard

The FLSA does not specify when a person must opt in to a collective action. The court sets that deadline. *See* 29 U.S.C. §§ 216(b), 255, 256. Nor does the FLSA provide a standard for courts to decide whether to include opt-in plaintiffs who file consent forms after the court-imposed deadline. Courts have broad discretion to determine whether to permit late opt-in filers to join a collective action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."); *see also Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989) (holding that district courts have discretion in managing notice to potential plaintiffs in collective actions under the ADEA); *Coronado v. v. D N.W. Houston, Inc.*, 2014 WL 667492 at *2 (S.D. Tex. Nov. 24, 2014).

"Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (citing cases); *see also Helton*

*v. Factor 5, Inc.*, 2014 WL 1725734, at *3 (N.D. Cal. Apr. 29, 2014) (applying *Ruggles* factors); *Heaps v. Safelite Solutions, LLC*, 2011 WL 6749053, at *1 (S.D. Ohio Dec. 22, 2011) (applying *Ruggles* factors); *Ayers v. SGS Control Servs., Inc.*, 2007 WL 3171342, at *4–5 (S.D.N.Y. Oct. 9, 2007) (requiring that tardy opt-in plaintiffs show good cause); *Robinson–Smith v. Gov't Empl. Ins. Co.*, 424 F. Supp. 2d 117, 123–24 (D.D.C. 2006) (considering the potential prejudice to defendant and the purposes of the FLSA); *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996) (considering prejudice and judicial economy); *Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill. 1982) (considering the extent of filing delay). Each factor is analyzed below.

### B. The Motion to Strike

The plaintiffs demonstrate good cause for the two late filings. The defendant did not disclose the month-late filer's name to the plaintiffs and he did not receive the notice and consent form by the deadline for filing consents. The week-late filer received the consent form but misplaced it and did not know the deadline. He asked another recipient about the opt-in deadline and received incorrect information—a date after the deadline. He called class counsel after the deadline had passed, got a new consent form, and filed it only a week after the deadline. (Docket Entry No. 27, Ex. A). These explanations are good cause for the late submission.

Even when a late filer fails to demonstrate good cause, this factor may be discounted because "a rigid application of a 'good cause' test does not fully respond to the various factors with which the court must concern itself." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 2008 WL 4712769, at *2 (N.D. Cal. Oct. 23, 2008); *see also Ruggles*, 687 F. Supp. 2d at 37 (not even considering good cause because "all other factors weigh[ed] in [the plaintiffs'] favor"); *Helton*, 2014 WL 1725734, at *3 ("While Plaintiffs' counsel have failed to show good cause for their belated

3

filing of the consent to join forms, the Court finds that the other relevant factors weigh in favor of permitting the opt-in plaintiffs to join the FLSA collective action." (footnote omitted)); *Heaps*, 2011 WL 6749053, at *2 ("Although Plaintiffs have offered no good cause for their failure to timely file these consent forms, all of the other factors weigh in their favor."). In this case, factors besides good cause weigh in favor of allowing the late opt-in filers to remain in the collective action.

Counting the late filers, there is a 13-member class. The late filers are not such a large number, and the class itself is not so large, to make the delays prejudicial. And allowing the late filers to remain in this collective action removes the likelihood that one or two separate actions would be filed. *See Heaps*, 2011 WL 6749053, at *2 ("[A]ll of these consent notices were filed with the Court within a few months after the deadline and the majority of them within one month, not presenting any unfair surprise or requiring that Defendants take any additional steps to defend this action."); *Abubakar v. Cnty. of Solano*, No. CIV. S-06-2268 LKK/EFB, 2008 WL 550117, at *2 (E.D. Cal. Feb. 27, 2008) (rejecting the defendant's argument that "its potential liability would increase by 15% (based on the addition of 23 plaintiffs to the 155 current plaintiffs), that the issue of whether plaintiffs are similarly situated will be more complicated, that there would be even more tolling dates for statute of limitations purposes, and that its discovery costs will rise"); *Robinson-Smith*, 424 F. Supp. 2d at 124 ("Allowing four more plaintiffs into the collective action already containing 269 represents only a limited additional exposure for the defendant, given the relatively small number . . . ."); *Monroe*, 94 F.R.D. at 305 ("Individual discovery for any particular plaintiff is minimal, and trial is still a few months away."); *Benavidez v. Piramides Mayas Inc.*, No. Civ. A 09-5076, 2013 WL 1627947 (S.D.N.Y. Apr. 16, 2013) (allowing two plaintiffs who filed late opt-in consent forms—one nearly three months after the court's deadline—to remain in the action,

despite a failure to show good cause for the late filings, because there was no prejudice to the defendants). "True prejudice in this context might, for instance, consist of 'allow[ing] new plaintiffs to join and share the spoils after the battle is won, but sit on the sidelines and remain free from the consequences of an unfavorable outcome.'" *Wells Fargo*, 2008 WL 4712769, at *2 (quoting *Raper*, 165 F.R.D. at 92). No such circumstance is present here. "Whether or not a statute of limitations is tolled is not a persuasive consideration. Neither is any increase in the potential exposure of the defendant." *Id.* "[T]o the extent the individual [d]efendants object to the addition of the opt-in plaintiffs on the ground that they will face an increase in their potential exposure, this is not a proper consideration in determining whether to allow the opt-in plaintiffs to join this action." *Helton*, 2014 WL 1725734, at *3 n.6.

A third and related factor is that only a short time elapsed between the court's deadline and the last filing a little over a month later. Courts have allowed much longer filing delays, some even after the liability phase. *See Helton*, 2014 WL 1725734, at *2 (allowing late filers who missed deadline by "approximately nine months"); *Heaps*, 2011 WL 6749053, at *2 (allowing late filings that were "within a few months after the deadline and the majority of them within one month"); *Ruggles*, 687 F. Sup. 2d at 37 (allowing late filings "within a month of the . . . deadline"); *Raper*, 165 F.R.D. at 92 (allowing untimely filings after the liability, but before damages, phase of the trial). This factor weighs in favor of allowing the two late filers to remain in the collective action.

Allowing the late filers to remain in this collective action serves judicial economy. If the court dismissed them from the action, the late filers could file one or more separate actions. *See Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 598 (E.D. La. 2013) ("The plain language of Section 216(b) does not prohibit employees from bringing more than one collective

5

action based on the same alleged violations." (citing *Yates v. Wal-Mart Stores*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999))); *see also Monroe*, 94 F.R.D. at 305 ("[I]t should be remembered that in at least some of the cases the alternative may be to force the filing of individual lawsuits—scarcely productive of economy either for the litigants or for the courts."). "Obviously, there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." *Heaps*, 2011 WL 6749053, at *2 (quoting *Ruggles*, 687 F. Supp. 2d at 37); *see also Wells Fargo*, 2008 WL 4712769, at *2 ("The maintenance of several actions would partially frustrate the underlying rationale for using the class action mechanism."); *Abubakar*, 2008 WL 550117, at *2 (noting the futility in requiring late opt-in plaintiffs to file separately given the foreseeability of a consolidation order pursuant to Fed. R. Civ. P. 42(a)); *Raper*, 165 F.R.D. at 92 ("There is no need to encourage multiple actions on the same subject."). This factor weighs in favor of allowing the late filers to remain in the collective action.

Finally, the FLSA's remedial purpose supports allowing the late filers to remain in this action. Courts frequently consider this factor in allowing untimely opt-ins. The *Benavidez* court, for example, relied in part on the FLSA's remedial purpose in deeming timely two consent forms filed after the deadline. *See Benavides*, 2013 WL 1627947, at *3. Other courts have taken a similar approach. *See, e.g.*, *Ruggles*, 687 F. Supp. 2d at 37–38 (observing that the FLSA's remedial purpose implores a "generous reading, in favor of those whom congress intended to benefit from the law . . . when considering issues of time limits and deadlines" (citing *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir. 1992))); *see also Helton*, 2014 WL 1725734, at *3 ("Allowing the opt-in plaintiffs to join the FLSA collective action . . . is consistent with the broad and flexible reading of the FLSA in favor of coverage."); *Heaps*, 2011 WL 6749053, at *3 ("agree[ing] with other courts' holdings that with

respect to the FLSA, '[a] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines'" (quoting *Kelley*, 964 F.2d at 750)); *Wells Fargo*, 2008 WL 4712769, at *2 (observing that applying "[a] generous reading [of the FLSA], in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines"); *Schaefer-LaRose*, 2008 WL 5384340, at *4 ("'[W]e should not become slaves of [a] deadline beyond its reason for existence.'" (quoting *Monroe*, 94 F.R.D. at 305)).

This factor, similar to all the others examined, weighs in favor of allowing the two late opt-in plaintiffs to remain in the action.

## III. Conclusion

The defendant's motion to strike the two late opt-in filers, (Docket Entry No. 26), is denied. The plaintiffs' motion for leave to file late opt-ins, (Docket Entry No. 27), is granted. The alternative motion to toll the statute of limitations is moot.

SIGNED on February 1, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge